# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARLON WASHINGTON (#454238)**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**18-273-BAJ-RLB**

**RANDY LAVESPERE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 15, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARLON WASHINGTON (#454238)**              **CIVIL ACTION**

**VERSUS**

                                             **18-273-BAJ-RLB**

**RANDY LAVESPERE, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendant Dr. Randy Lavespere (R. Doc. 13).  The motion is opposed.  *See* R. Doc. 17.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 Dr. Randy Lavespere and Dr. Cynthia Park complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs.  He prays for declaratory and monetary relief.

The defendant asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  It follows that, "where the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

With regards to Dr. Lavespere, in his Complaint as amended, the plaintiff alleges that prior to his incarceration he sustained a gun shot wound to his right leg. In the latter part of 2016, the plaintiff began to experience complications with his wound and was seen by Dr. Lavespere. Dr. Lavespere transferred the plaintiff to an outside hospital for surgery. Following the surgery, the plaintiff was returned to LSP and the plaintiff informed Dr. Lavespere that he was experiencing a lot of pain and requested medication for the same. After reviewing the plaintiff's medical file, Dr. Lavespere decided to prescribe Neurontin which had worked well in the past for the plaintiff's leg pain.

After a couple days the plaintiff spoke to Dr. Lavespere because he was still experiencing leg pain and he had not received the Neurontin. Dr. Lavespere informed the plaintiff that he

would not be prescribing Neurontin because he had spoken with Dr. Park who informed Dr. Lavespere that the plaintiff had either sold or given away this medication in the past. The plaintiff denied the same, but questioned what allegations from six months prior had to do with Dr. Lavespere now prescribing Neurontin. Dr. Lavespere left the room.

The plaintiff requested that, per prison protocol, Dr. Lavespere prescribe Neurontin and have a nurse or guard observe him while he took the medication, but Dr. Lavespere rejected this alternative approach. Dr. Lavespere provided a substitute pain medication, but the substitute medication was ineffective.

Defendant Dr. Lavespere first asserts that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.*

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be granted. Specifically, the Court concludes that the plaintiff has failed to state a claim against Dr. Lavespere for deliberate indifference to his serious medical needs.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

The allegations of the plaintiff's amended Complaint, accepted as true for the purpose of evaluating the instant Motion, do not evidence that Dr. Lavespere refused to treat the plaintiff, ignored his complaints, intentionally treated him incorrectly, or engaged in any conduct that

would clearly evince a wanton disregard for the plaintiff's serious medical needs. The plaintiff's allegations show that the plaintiff was examined by Dr. Lavespere and that the plaintiff was prescribed a medication for pain. The failure to prescribe a requested medication, while prescribing an alternative but ineffective medication, has been classified as a disagreement with the treatment provided and such allegations are insufficient to show a constitutional violation. *See Hendrix v. Lloyd Aschberger, P.A.*, 689 F. App'x 250 (5th Cir. 2017) (affirming dismissal of allegations, including provision of ineffective pain medication, as frivolous) and *Davis v. Thomas*, 615 F. App'x 240 (5th Cir. 2015) (affirming dismissal on summary judgment of allegations including ineffective treatment of back pain). As such, the plaintiff has failed to state a claim against Dr. Lavespere for deliberate indifference to his serious medical needs.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of the plaintiff's claims over which the district court has original jurisdiction, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss (R. Doc. 13) be granted, dismissing the plaintiff's claims against defendants Dr. Randy Lavespere, with prejudice. It is further recommended that the Court decline the exercise of

supplemental jurisdiction in connection with the plaintiff's potential state law claims and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on February 15, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**