UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARLON WASHINGTON            CIVIL ACTION

VERSUS

RANDY LAVESPERE ET AL.           NO.: 18-273-BAJ-RLB

## RULING AND ORDER

Before the Court is Dr. Cynthia Park's **Motion to Dismiss (Doc. 28)** the 42 U.S.C. § 1983 claims of *pro se* Plaintiff Marlon Washington. For the reasons that follow, the **Motion (Doc. 28)** is **GRANTED**.

I. **BACKGROUND**

This dispute arises from a prison physician's alleged failure to prescribe a prisoner the painkiller of his choice. (Doc. 21).

Marlon Washington is an inmate incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. (*Id.* at p. 6). He arrived at Angola with a bullet lodged in his leg, and he sought medical treatment for the pain. (*Id.*). Dr. Cynthia Park prescribed him Neurontin. (*Id.*). But Dr. Park discontinued the prescription after testing Washington's blood and finding no Neurontin present. (*Id.* at p. 7). Washington sued Dr. Park under § 1983, alleging that Dr. Park's discontinuation of the prescription violated his Eighth Amendment rights. (*Id.*).

1

Now, Dr. Park moves to dismiss Washington's claims under Federal Rule of Civil Procedure 12(b)(6) (Doc. 28). She contends that she is entitled to qualified immunity. (*Id.*). Washington did not respond to Dr. Park's motion; accordingly, the Court considers the motion to be unopposed.

## II. LEGAL STANDARD

To overcome Dr. Park's motion to dismiss, Washington must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Dr. Park is liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Washington's amended complaint and views those facts in the light most favorable to him. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

## III. DISCUSSION

Because Dr. Park asserts qualified immunity, Washington "bears the burden of pleading facts that demonstrate liability and defeat immunity." *Shaw v. Villanueva*, 918 F.3d 414, 416 (5th Cir. 2019). Washington must allege facts showing that (1) Dr. Park violated a statutory or constitutional right and (2) the right was clearly established at the time of Dr. Park's conduct. *See id.* at 417.

Washington has an Eighth Amendment right to adequate medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison physician like Dr. Park

violates that right if her conduct "demonstrates deliberate indifference to [Washington's] serious medical needs, constituting an unnecessary and wanton infliction of pain." *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (citation omitted). This is an "extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To establish that Dr. Park violated that standard, Washington must allege facts showing that Dr. Park (1) knew that Washington faced a "substantial risk of serious bodily harm" and (2) disregarded that risk "by failing to take reasonable measures to abate it." *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019) (citation omitted). He fails to do so.

Washington faults Dr. Park for failing to take an "alternative approach" to his prescription. (*Id.* at p. 7). He alleges that Dr. Park should have ordered a nurse to observe him take his prescription before discontinuing it. (*Id.*). And he *concludes* that Dr. Park "subject[ed] [him] to unnecessary and wanton infliction of pain" by discontinuing an "available and effective painkiller." (*Id.*). He does not plausibly allege that Dr. Park knew that he faced a "substantial risk of serious bodily harm" upon discontinuation of the prescription. (*Id.*). Nor does he plausibly allege anything beyond mere "disagreement with medical treatment." See *Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) (citation omitted). So he fails to plausibly allege that Dr. Park violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Because Washington fails to plausibly allege that Dr. Park violated his constitutional rights, Washington cannot overcome Dr. Park's qualified-immunity defense. See *Shaw*, 918 F.3d at 416.

3

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Dr. Cynthia Park's **Motion to Dismiss (Doc. 28)** is **GRANTED**. Marlon Washington's claims against Dr. Cynthia Park are **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 17th day of June, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**